UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

COTEAL L KELSAW,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

Case No. 1:21-CV-33-GSL

## <u>OPINION AND ORDER</u>

After this case was remanded to the Social Security Administration, Plaintiff-claimant was awarded past-due benefits. [DE 34]. Pursuant to a federal court contract, Plaintiff-claimant agreed to pay 25% of the any past-due benefits awarded to Plaintiff's attorney, which here, is $23,716.50. [DE 34]. Plaintiff's attorney requests a § 406(b) gross fee of a lesser amount, $19,000.00. [DE 34].

Relevant to the request of Plaintiff's attorney, Plaintiff's attorney received $11,000.00 pursuant to an award of attorney fees dated March 3, 2022, under the Equal Access to Justice Act (EAJA). [DE 33]. The Plaintiff's attorney requests she be permitted to retain the $11,000.00 EAJA fee in partial satisfaction of the § 406(b) award, and that the Commissioner be ordered to pay to the undersigned $8,000.00 from the Plaintiff-claimant's past-due benefits to satisfy the balance of the fee awarded pursuant to 42 U.S.C. § 406(b), making Plaintiff's attorney's total payment $19,000. [DE 34].

Plaintiff's attorney provides no caselaw in support of this request. It is well-established that when fees are awarded under both the Equal Access to Justice Act and 42 U.S.C. §406(b), the attorney must refund the lesser amount to the Plaintiff-claimant. *Jakel-Taylor v. Barnhart*,

2007 U.S. Dist. LEXIS 104366, at *3 (N.D. Ind. Jan. 22, 2007) (citing *Gisbrecht v. Barnhart* 535 U.S. 789, 796 (2002)); *see Robert M.S. v. Andrew M. Saul comm'r of the SSA*, 2023 U.S. Dist. LEXIS 243645, at *2 (S.D. Ind. Mar. 8, 2023). Section 406(b)(1) concludes by stating that "no other fee may be payable or certified for payment for such representation." *Jakel-Taylor v. Barnhart*, 2007 U.S. Dist. LEXIS 104366, at *3 (N.D. Ind. Jan. 22, 2007). For these reasons, the request of Plaintiff's attorney that this Court offset the award pursuant to 42 U.S.C. § 406(b) by the award pursuant to the EAJA is denied, and Plaintiff's attorney will be ordered to refund the full EAJA amount to Plaintiff.

The Court will, however, undertake an analysis of whether the request of Plaintiff's attorney of $19,000 pursuant to 42 U.S.C. § 406(b) is reasonable, as is required by § 406. *Jakel-Taylor*, 2007 U.S. Dist. LEXIS 104366, at *8 (citing *Gisbrecht*, 535 U.S. at 807). The court must consider the time and labor required; the skill required; whether the fee was contingent or fixed; the amount involved and the result attained; the attorney's experience, reputation, and ability; and awards in similar cases. *Jakel-Taylor*, 2007 U.S. Dist. LEXIS 104366, at *8 (citing *Hodges-Williams v. Barnhart*, 400 F.Supp.2d 1093, 1099 (N.D. Ill 2005)).

The commissioner offers no dispute to the request of Plaintiff's attorney for an award of $19,000 pursuant to 42 U.S.C. § 406(b). [DE 39]. Plaintiff's attorney is experienced in this field, and achieved a fully favorable decision for Plaintiff-claimant. Plaintiff-claimant will receive ongoing benefits until dying, reaching retirement age, or no longer being disabled. [DE 35]. Upon review of all of the information of this case, and the hours expended on behalf of Plaintiff's claim, the court concludes that the fees requested by the Plaintiff's attorney is reasonable.

*Conclusion*

For these reasons, the request of Plaintiff's attorney that this Court offset the award pursuant to 42 U.S.C. § 406(b) by the award pursuant to the EAJA is DENIED, and Plaintiff's attorney is ORDERED to refund the full EAJA amount, $11,000, to Plaintiff-claimant. Plaintiff's attorney is GRANTED an award of $19,000 pursuant to 42 U.S.C. § 406(b).

SO ORDERED.

ENTERED: May 26, 2026

/s/ GRETCHEN S. LUND
Judge
United States District Court

3